IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| iTRAINER GOLF LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-1130 |
| | ) |
| SWINGBYTE, INC., | ) Hon. Jack Zouhary |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant, SWINGBYTE, INC., an Illinois corporation ("Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary and indispensible party to Plaintiff, iTRAINER GOLF, LTD., a Hong Kong corporation ("Plaintiff"), in its patent infringement claim in the above entitled action.

**I.     FACTS**

In Plaintiff's complaint, it alleges infringement of U.S. Patent Nos. 7,021,140 and 7,234,351 ("140 patent," "351 patent," or collectively "patents in suit"). Dkt. No. 1 at ¶¶ 14 and 17. In support of Plaintiff's claim for patent infringement, Plaintiff alleges that: (1) the Regents of the University of Michigan ("Michigan") own the patents in suit; and (2) that Plantiff is a licensee for the field of use of golf under the patents in suit. Dkt. No. 1 at ¶¶ 7 and 8.

Pursuant to a meet and confer request by Defendant, Plaintiff provided a copy of the Patent License Agreement ("License") between Plaintiff and Michigan, a true and

1

correct copy of which is attached hereto as Exhibit A.  Under the License, Plaintiff is granted an exclusive license under the patents in suit to sublicense in the field of use of golf and also to make commercial use of the patents in suit.  (Exh. A ¶2.2).  The License provides that Plaintiff has the "first option to police" the patents in suit. (Exh. A ¶ 8.1.   This right to police purports to include the prosecution, defense or settlement of infringement or declaratory actions involving the patents in suit.  *Id*.

The following rights in the patents in suit are expressly retained and reserved by Michigan:

(1) The right to use and exploit the patents in suit for research, public service, internal, and/or educational purposes, and the right to grant the same limited rights to other non-profit research institutions; (Exh. A ¶ 2.2)

(2) The right to control consideration received under any sublicenses; (Exh. A ¶6.2)

(3) The right to control all aspects of filing, prosecuting, and maintaining the patents in suit, including re-examinations, reviews, disputes (*including litigation*) regarding inventorship and derivation, and interferences;  (Exh. A ¶7.1)

(4) The right to apply or not-apply for the extension of the patents in suit; (Exh. A ¶7.4)

5.  The right to notice of an action involving the patents in suit and the sole right to consent to a settlement; (Exh. A ¶8.1)

6.  The right to participate in any action involving the patents in suit and the right to assume control over a patent suit involving the patents in suit; (Exh. A ¶8.2) and

7. The right to control the assignment of the License or its use by Plaintiff as collateral security.  (Exh. A ¶13.10.

2

In addition to the foregoing, the License, by its terms is: (1) a license and not an assignment; (2) limited to the field of use of golf; and (3) Michigan is the owner of the patent.

**II.      ARGUMENT**

Rule 19(a) of the Federal Rules of Civil Procedure provides:

(1) Required Party:  A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if…

> (b) that person claims an interest relating to the subject of the action and is so situated that dispoing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)

It is well settled law that ordinarily a patent suit must be brought by the party holding legal title to the patent. *Sicom Sys. Ltd v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed.Cir.2005); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed.Cir.1995)(en banc); *Abbott Labs v. Diamedix Corp.* 47 F.3d 1128, 1130 (Fed.Cir.1995).  Short of holding formal legal title, a patentee may effect the transfer of ownership for purposes of standing if it conveys all substantial rights in the patent to the transferee.  *Speedplay, Inc., v. Bebop, Inc.*, 211 F.3d 1245, 1250

(Fed.Cir.2000); *Vaupel Textilmachinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed.Cir.1991).

Under the "substantial rights" analysis, the courts look to the agreement between the patentee and party to whom the patent rights have been transferred in order to determine whether the transferee has received sufficient rights to be deemed the owner. *Propat International Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1190 (Fed.Cir.2007).

Further, case law holds that an exclusive enterprise (i.e. "field of use") license does not convey all of the substantial rights in a patent, such that the licensee would have standing to sue in its own name. *International Gamco, Inc., v Multimedia Games, Inc.*, 504 F.3d 1273, 1280 (Fed.Cir.2007).

In this case, the Plaintiff does not have standing under either the "field of use" doctrine employed by the court in *International Gamco*, or in a "substantial rights" analysis as used by the court in *Propat*.

Plaintiff's complaint sets forth that it is a mere field of use licensee. This fact is further born out by the terms of the License. As such, Plaintiff does not have standing to sue under the patents in suit.

As the owner of the patents in suit, Michigan has retained substantial rights such that no argument can be maintained that all substantial rights have been transferred to Plaintiff. As set forth in Section I of this Memorandum, Michigan has reserved nearly <u>all substantial</u> rights for itself, including without limitation, the right to assign, the right to license others, the right to file extensions, etc. Indeed, Plaintiff does not even have the right to settle the very suit that it has filed.

4

Michigan has retained a substantial economic interest and control over the patents in suit. It retains an equity interest in the proceeds of licensing and litigation and the right to veto such decisions. There is no case in which a non-title owner of a patent has been deemed the "owner" of the patent in light of such retained control.

### III. CONCLUSION

For all the reasons stated above, the Court should grant Defendant's Motion to Dismiss for Failure to Join a Necessary and Indispensible Party.

Dated: January 6, 2015

                         Respectfully submitted,

                         /s/ *Kevin R. Krantz*

Kevin R. Krantz (Ill. ARDC 6207327)
Kevin R. Krantz, P.C.
401 Huehl Rd.
Suite 2A
Northbrook, IL 60062
Phone: (847) 790-8554
Fax: (847) 656-3004
Email: kkrantz.counsel@gmail.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail via regular U.S. Mail this 6th day of January, 2015. Parties may access this filing through the Court's system.

          /s/ *Kevin R. Krantz*
          Kevin R. Krantz
          *Counsel for Defendant*